2006 OK CIV APP 93

Gerri Dawn THOMAS, and Alex Nichole Thomas, a Minor, by and through her Father, Guardian, and Next Friend, Jay Thomas, Plaintiffs/Appellants,

v.

BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT (BMW AG), and BMW of North America, Inc., Defendants/Appellees,

and

Jackie Cooper Imports, Inc., Defendant.

No. 100,559.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 18, 2006.

## ORDER

Defendants/Appellees filed their Motion to Dismiss Petition for Rehearing as Untimely Filed August 14, 2006. The basis for the motion was that the petition for rehearing was filed 21 days after the opinion was filed.

Appellants filed their Response August 16, 2006, agreeing that their Petition for Rehearing was filed one day late, because of miscounting the days, and requesting leave to file out of time. They cite *Special Indemnity Fund v. Washburn,* 1986 OK 46, 722 P.2d 1204, 1211, for the proposition that the time for filing a petition for rehearing is not jurisdictional.

We agree the filing time for a petition for rehearing is not jurisdictional. The rationale for that holding by the Supreme Court in *Washburn* is that the rule then in effect allowed extensions of time, which would not be permissible if the filing time was jurisdictional. *Id.* at 1210.

However, subsequent to *Washburn,* the Supreme Court enacted new rules governing petitions for rehearing in both the Supreme Court and the Court of Civil Appeals. Supreme Court Rule 1.13 now provides, in pertinent part:

(a) *Petition.* Applications for a rehearing and a brief in support thereof, unless otherwise ordered by the Court, shall be made by petition to the Court, signed by counsel, and filed with the Clerk within twenty (20) days from the date on which the opinion in the cause is filed.

\* \* \*

(b) *Application for Extension of Time to File Petition.* Applications for extension of time to file petitions for rehearing are not favored and are not routinely granted. If an application for an extension of time is filed, it must be filed within twenty days of the date the opinion is filed. No extension of time will be granted for more than twenty days from the original due date of the petition for rehearing. The application will be granted only if the Court determines that *extraordinary cause* is shown in the application.

\* \* \*

While we have discretion to determine *extraordinary cause*, this rule deprives this court discretion to grant applications for extensions of time filed out of time. We are not unsympathetic concerning the effect of the application of Supreme Court Rule 1.13(b) on this case. However, to grant Appellants' application would require us to ignore the rule.

The impact of this decision may be ameliorated by the holding in *Washburn*, even though it is based on prior rules. Supreme Court Rule 1.178(b)(2) currently provides:

> (2) If any party seeks rehearing in accordance with Rule 1.177 the time to bring a certiorari petition shall not begin to run for any party until the Court of Civil Appeals has denied all rehearing petitions filed in the case.

In conclusion, because we read Supreme Court Rule 1.13(b) to *require* requests for extension of time to file a petition for rehearing to be filed within twenty days of the filing of the opinion, we must deny the request as untimely, and likewise must deny the petition for rehearing as untimely.

/s/ E. Bay Mitchell
E. BAY MITCHELL, III, Presiding Judge